IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIN CURETON, | Case No. 1:05CV0623 |
| Petitioner, | |
| vs. | Judge Ann Aldrich |
| JULIUS WILSON, Warden, | Magistrate Judge Kenneth McHargh |
| Respondent. | |
| | <u>MEMORANDUM AND ORDER</u> |

On February 24, 2005, petitioner Erin Cureton ("Cureton") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket No. 1), in which he challenges the constitutionality of his conviction for felonious assault. *See State v. Cureton*, Medina County Court of Common Pleas No. 01CA3219-M. Now before the court is a report and recommendation issued by Magistrate Judge McHargh, recommending that the court deny Cureton's petition (Docket No. 9). For the following reasons, the court adopts the Magistrate Judge's findings of fact and conclusions of law, and denies Cureton's petition.

**I. Background**

This court adopts the statement of facts and the procedural history provided by the Magistrate Judge. In his Report and Recommendation, Magistrate Judge McHargh meticulously recounts the procedural history of the case. The most pertinent facts may be summarized as follows:

On April 19, 2001, Cureton was convicted of one count of felonious assault and sentenced to a term of four years in prison. A Medina County jury found Cureton guilty beyond a reasonable doubt of assaulting his wife, Deborah. Divorce proceedings began between Deborah

and Cureton, and on August 16, 2001, she testified at a deposition related to these proceedings.

On March 8, 2002, Cureton filed a direct appeal, in which he asserted that: (1) his conviction was based upon insufficient evidence and/or against the manifest weight of the evidence; (2) the trial court erred in failing to instruct the jury on the elements of lesser-included offenses; (3) Cureton was denied the effective assistance of counsel; and (4) the trial court allowed inadmissible character evidence. The Ohio Court of Appeals dismissed these assignments of error and affirmed the conviction. Cureton did not appeal to the Ohio Supreme Court.

Instead, on July 9, 2002, Cureton filed a Petition to Vacate or Set Aside Judgment of Conviction and a Motion for New Trial in the trial court. Cureton raised claims of prosecutorial misconduct and ineffective assistance of counsel. The court denied the Petition, finding that Cureton's claim of ineffective assistance of counsel was barred by *res judicata* and that his claim of prosecutorial misconduct was without merit.

In the Motion for New Trial, Cureton alleged the discovery of new evidence and again alleged that he was a victim of prosecutorial misconduct. The newly discovered evidence consisted of Deborah Cureton's testimony at her divorce deposition and the prosecutor's testimony at the divorce hearing. The court denied the motion, ruling that even if Cureton's allegations were accurate, his substantial right to a fair trial had not been materially affected.

Cureton appealed these decisions and applied for reopening of his original appeal before the Ohio Court of Appeals and the state Supreme Court. The Court of Appeals affirmed the trial court's decision that Cureton's prosecutorial misconduct and ineffective assistance of counsel claims were barred by *res judicata* and that Cureton's Sixth Amendment rights to compulsory process and confrontation of witnesses were not violated when the trial court allowed his wife

not to testify at the hearing on his motion for a new trial. The Supreme Court declined to hear Cureton's appeals. This action followed.

## II. Discussion

When no objection to the Magistrate Judge's recommendation is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation. FED. R. CIV. P. 72, Notes of Advisory Committee.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2241 *et seq*., govern the court's review of petitions for habeas corpus relief. AEDPA dictates that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d)(2004). In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court[1] explained the "contrary to" language of section (1) as follows:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases ... A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

---

[1] In a split decision, Justice O'Connor's opinion represents the plurality for these sections.

*Id*. at 405-406, and the "unreasonable application" language thusly:

> an unreasonable application of federal law is different from an incorrect application of federal law ... In § 2254(d)(1), Congress specifically used the word "unreasonable, " and not a term like "erroneous" or "incorrect." Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 410-11.

Cureton advances three arguments in support of his claim for habeas relief: prosecutorial misconduct, ineffective assistance of counsel, and abuse of discretion by the trial court.

The court agrees with the Magistrate Judge that Cureton's prosecutorial misconduct claim is foreclosed from review. The Magistrate Judge correctly determined that the claim is procedurally defaulted because it was not raised on direct appeal and is thus barred by *res judicata*. Cureton claims that he could not have argued prosecutorial misconduct in his direct appeal, because his claim of prosecutorial misconduct relied on information unavailable to him until his divorce proceedings in November 2001. The court agrees with the Magistrate Judge: even if Cureton could not have discovered the information relating to his prosecutorial misconduct claim until November 2001, he had more than adequate time after November to include the information in his direct appeal, which he filed in March of 2002.

The procedural default occasioned by Cureton's failure to include this argument on direct appeal precludes federal review under the four-part test set forth by *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). First, Ohio has a *res judicata* rule and Cureton failed to comply with it. Second, the state Court of Appeals enforced the procedural sanction by holding his claim to be barred by *res judicata*. Third, the violation of this procedural rule was an adequate and

independent ground on which the state relied to foreclose review of Cureton's claim.

As the Sixth Circuit observed in *Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001), analysis of this third prong "will usually involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." *Id.* at 673 (quoting *Maupin*, 785 F.2d at 138). It is clear that the state of Ohio holds a legitimate and compelling interest in securing the certitude and finality of its court judgments by requiring that all claims available to a party be raised at the same time. Cureton's abstract assertion of the federal interest in protecting due process rights is insufficient to justify interference with the state's well-grounded enforcement of the principle of *res judicata*. Finally, Cureton has not shown cause for his violation of the state procedural rule, nor has he shown that he was actually prejudiced by any alleged constitutional error. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

Cureton's claim of ineffective assistance of counsel is similarly barred from federal review. The court agrees with the Magistrate Judge's finding that the ineffective assistance of counsel claim raised in Cureton's Petition to Vacate or Set Aside Judgment was based on a different theory than his claim of ineffective assistance of counsel presented on direct appeal. While the Petition cited a failure to perform any investigation into the state's claims and failure to make use of evidence at counsel's disposal, Cureton's third assignment of error on direct appeal alleged that the trial counsel: (1) failed to request appropriate jury instructions; (2) erroneously claimed that Cureton was an attorney during opening arguments; (3) failed to object to the testimony of the state's rebuttal witnesses; (4) failed to object to some of the victim's testimony; (5) failed to object to the introduction of Cureton's prior criminal history; (6) failed

-5-

to object to some of the testimony of Cureton's father; (7) failed to object to the admission of character evidence; (8) failed to object to the testimony of the victim's psychologist; and (9) failed to object to the introduction of testimony explaining Battered Woman Syndrome. The Sixth Circuit has clearly held that, to avoid procedural default, a claim of ineffective assistance of counsel must be "presented to the state courts under the same theory in which it is later presented to the federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Cureton's ineffective assistance of counsel claim fails the *Maupin* test for the same reasons as his prosecutorial misconduct claim *supra*..

Finally, Cureton's claim of abuse of discretion does not merit federal review. The crux of Cureton's third claim is that the trial court violated his Sixth Amendment right to confront witnesses against him when it refused to compel Deborah Cureton to testify at an evidentiary hearing on Cureton's Motion for New Trial. The court agrees with the Magistrate Judge that under the authority of *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987), and its progeny, "the right to confrontation is a *trial* right," and thus does not apply to a post-conviction hearing on a motion. *Id.* at 52-53 (emphasis in original). Thus, the Magistrate Judge correctly determined that Cureton's third claim fails to show that the trial court acted contrary to, or engaged in an unreasonable application of, clearly established federal law.

### III. Conclusion

For the foregoing reasons, this court adopts Magistrate Judge McHargh's findings of fact and conclusions of law. Cureton's petition for a writ of habeas corpus is therefore denied.

For the reasons asserted by the state as respondent, and upon its finding that Cureton has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability for this order. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

                /s/ Ann Aldrich
               ANN ALDRICH
               UNITED STATES DISTRICT JUDGE

**Dated: June 22, 2006**